UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
In RE: D3D TECHNOLOGIES,
INC.'S RULE 45 SUBPOENA TO
MEDIVIS, INC.,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/24/2022_

21 Misc. 815 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On November 15, 2021, D3D Technologies, Inc. initiated this miscellaneous action to compel Medivis, Inc. to comply with a subpoena served in *D3D Technologies, Inc. v. Microsoft Corporation*, No. 20 Civ. 01699 (M.D. Fla.), currently pending before the Honorable Paul G. Byron.

      Federal Rule of Civil Procedure 45 governs out-of-district subpoenas. Under the rule, the "subpoena must issue from by the court where the [underlying] action is pending." Fed. R. Civ. P. 45(a)(2). Should compliance not occur, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the underlying case is in an advanced stage of discovery. *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19 Misc. 130, 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019). Transfer may also be appropriate when the underlying case is complex and knowledge of the underlying case would be helpful in resolving the motion to compel. *Stanziale v. Pepper Hamilton LLP*, No. M8-85, 2007 WL 473703, at *5 (S.D.N.Y. Feb. 9, 2007).

      The underlying case for which the subpoena at issue was served is a patent litigation case for which fact discovery closed on November 15, 2021. ECF No. 1 at 4. In the interest of judicial economy, this matter would be best handled by Judge Byron, who has significant background knowledge of the underlying case that this Court does not possess. Exceptional circumstances include the risk of inconsistent rulings, the complexity of the underlying case, and the interests of judicial economy outweigh any interest Medivis, Inc. might have in litigating this motion locally. Additionally, Medivis, Inc. will not suffer prejudice due to the transfer, as the hearings in the underlying case have been occurring via videoconference. *See D3D Technologies, Inc. v. Microsoft Corporation*, No. 6:20 Civ. 01699, Dkt. Nos. 120, 123 (M.D. Fla. Nov. 22, 2021).

      Accordingly, this case is TRANFERRED to Judge Byron in the Middle District of Florida. The Clerk of Court is directed to transfer the case.

      SO ORDERED.

Dated: January 24, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge